UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Jacques Britton, RN BSN

V

The City Of Buffalo/Buffalo Police Dept.
Erie Co. Assistant District Attorney Isabella Bakshi
Detective Courtney Halligan, Buffalo Police Dept.
Detective "John Doe"
Officer "Jane Doe"
Officer "John Doe #1"
Officer "John Doe #2"

**STATEMENT OF CLAIM/
DEMAND FOR JURY TRIAL**

**26 CV 1135**

I, JACQUES BRITTON, certify under penalty of perjury of the laws of the United States that the foregoing is true and correct:

**FIRST CLAIM:**  On February 18th, 2026, your DEPONENT was arrested by DETECTIVE COURTNEY HALLIGAN of the Buffalo Police Department, Special Victims Unit.  At the time of arrest the detective failed to read a "Miranda" warning to your DEPONENT and refused despite multiple requests to state the charges against your DEPONENT, only stating "the internet."  Your DEPONENT made multiple requests of arresting officers to make a criminal complaint against a subject for over a dozen State level Misdemeanor Offenses, and these requests were IGNORED.  Upon arraignment your DEPONENT learned that the charge was for Public Facebook Posts alleged to have originated from your DEPONENT and alleged to exist on your DEPONENT's own Facebook Timeline.  The accusation against your DEPONENT is that publicly speaking ABOUT the subject of an alleged "No-Contact" Order of Protection violates the alleged Order.  This arrest occurred when your DEPONENT was leaving an Erie County, New York Family Court hearing.  Your DEPONENT was then strip-searched and put through Central Booking.  Your DEPONENT was held in custody for approximately 4 hours, and released without bail upon arraignment.  The Federal basis for this claim is violation of the 1st and 4th Amendments based upon arresting your DEPONENT for public speech

1

and failure to read a Miranda warning.  Your DEPONENT PRAYS that this Court will GRANT the compensatory relief sought in this action, plus any and all other relief the Court deems proper or just.  Your DEPONENT PRAYS that this Court will issue a RESTRAINING ORDER barring the Buffalo Police Department from initiating prosecutions based on Public Facebook speech that DOES NOT meet an already lawfully-established EXCEPTION to the First Amendment as established by the United States Supreme Court.

**SECOND CLAIM:** On April 15th, 2026 your DEPONENT was arrested by DETECTIVE "JOHN DOE" of the Buffalo Police Department for Public Facebook Posts alleged to have originated from your DEPONENT and alleged to exist on your DEPONENT's own Facebook Timeline.  The accusation against your DEPONENT is that publicly speaking ABOUT the subject of an alleged "No-Contact" Order of Protection violates the alleged Order.  This arrest occurred when your DEPONENT was leaving a Buffalo City Housing Court hearing.  Your DEPONENT made MULTIPLE requests of the arresting officers to be allowed to make a criminal complaint against a subject who committed over a dozen State level Misdemeanor Offenses against your DEPONENT. All of these requests were IGNORED by officers.  Your DEPONENT was then strip-searched and put through Central Booking.  Your DEPONENT was then taken for arraignment and was REMANDED to custody until April 16th, 2026, when your DEPONENT appeared before the Buffalo City Court and was released under the supervision of the Erie County, New York Probation Office.  The Federal basis for this claim is violation of the 1st and 14th Amendments based upon arresting your DEPONENT for public speech and failure to accept a criminal complaint from your DEPONENT against a subject who committed dozens of State level Misdemeanor Offenses despite the existence of physical evidence supporting the claim.  Your DEPONENT PRAYS that this Court will GRANT the compensatory relief sought in this action, plus any and all other relief the Court deems proper or just.  Your DEPONENT PRAYS that this Court will issue a RESTRAINING ORDER barring the Buffalo Police Department from initiating prosecutions based on Public Facebook speech that DOES NOT meet an already lawfully-established EXCEPTION to the First Amendment as established by the United States Supreme Court.

2

**THIRD CLAIM:** Between the dates of November 15th, 2025 and April 15th, 2026 the City of Buffalo Police Department, through it's Detectives and Officers, committed several separate acts of discrimination against your DEPONENT and violated your DEPONENT's rights to equal protection under the law by REFUSING to take a criminal complaint from your DEPONENT against a subject believed to have committed over two dozen separate State Level Misdemeanor Offenses against your DEPONENT, and in which your DEPONENT possesses physical evidence supporting the accusations.  On November 15th, 2025 Officer "Jane Doe" responded to a call at your DEPONENT's former address in the city of Buffalo for multiple acts of Unlawful Eviction and Harassment committed by your DEPONENT's "housemate."  Upon arrival at the scene your DEPONENT briefed the Officer on the background leading up to the event as well as the document that formulated your DEPONENT's belief that the acts committed against him were acts of Unlawful Eviction as defined by New York Law RPAPL §768.  During the call Officer Jane Doe became increasingly verbally hostile with all parties involved, and this Officer DENIED approximately 12 separate requests for a supervisor or Captain to be called to the scene and a police report completed.  This Officer also REFUSED to bring charges against the "housemate" for Unlawful Eviction and Harassment.  It was only upon speaking to the Officer's supervisor at the District Station that a police report without charges was obtained.  This Officer made several references to your DEPONENT being a "Google Scholar" and that what information a common citizen can research independently does NOT mean it is a law.  On November 27th, 2025 similar claims were stated by Officer "John Doe #1" when police were again dispatched to my former residence for multiple acts of Unlawful Eviction.  During this call Officer "John Doe #1" spoke with your DEPONENT at his vehicle while Officer "John Doe #2" went into the house with other officers to speak to the "housemate" and her father.  On November 15th, 2025 BOTH the "housemate" and her father received instructions from BPD Officers that their actions against your DEPONENT were unlawful, and they were instructed on the LAWFUL means of handling their dispute.  During the call on November 27th, 2025 the conversation between your DEPONENT and "Officer John Doe #1" had devolved into nothing more than a conversation of "academic sparring," during which time Officer John Doe #1 made the statement of FACT to your DEPONENT that allowing a subject to go on Misdemeanors is no different than letting

3

your DEPONENT go for a speeding ticket.  This Officer then made multiple statements that your DEPONENT will "only know about the law when he graduates from law school, or the Police Academy."  This Officer also refused multiple requests for a supervisor and to take a criminal complaint.  Officer "John Doe #2" was speaking to the parties in the house during this time.  During this conversation, the "housemate" made a statement to police that she was attempting to obtain an Order of Protection to circumvent your DEPONENT's Lawful and Legitimately filed Unlawful Eviction case, which was filed in Buffalo City Court on December 2nd, 2025.  During this conversation the housemate's father admitted multiple acts violating New York Housing law as well as Penal Law, acknowledging that he physically obstructed your DEPONENT from entering the house unlawfully.  Officer "John Doe #2" explained to the subjects that because there doesn't exist a history of violence or other forms of abusive behavior, if the housemate was able to obtain an Order at all, it would be a "Refrain From" Order and NOT remove your DEPONENT from the residence.  The subject would then go on to file a completely frivolous Family Court action against your DEPONENT where she makes claims without supporting evidence that WOULD remove your DEPONENT from the residence.  As previously stated, on February 18th, 2026 Detective Halligan placed your DEPONENT under arrest for his Public Facebook Posts, and during this arrest Detective Halligan refused multiple requests by your DEPONENT to make out a criminal complaint against the "housemate."  At present, a Motion to Dismiss this charge is pending in Buffalo City Court based on facial insufficiency.  On April 15th, 2026 your DEPONENT was arrested by Detective "John Doe" for Public Facebook Posts resulting in FOUR separate, new cases.  During this call your DEPONENT was transported to Central Booking by Officer John Doe #2.  While being walked out of the Courthouse your DEPONENT made multiple requests of Detective John Doe to take his criminal complaint against the "housemate," as well as to Officer John Doe #2, and all were again REFUSED.  While transporting your DEPONENT Officer John Doe #2 again repeated claims that your DEPONENT cannot know anything about legal matters because he did not graduate from the Police Academy.  This officer also made MALICIOUS threats against your DEPONENT to prosecute him for FRIVOLOUS charges such as aggravated harassment for speaking PUBLICLY on Facebook or a state level crime of "Physical Threats" for ambiguously speaking the word "hang" on the

4

context of "proverbially hanging in a civil or intellectual dispute," such as to hypothetically say "you're going to hang yourself if you keep doing \*whatever act.\*  The Federal basis for this claim is violation of the 14th Amendment of the United States Constitution in discriminating against your DEPONENT based upon his education, intellect and gender.  In addition to the Constitutional violation your DEPONENT believes the actions of these officers constitute abuse of process as defined in 28 U.S.C. §2680(h).  Your DEPONENT PRAYS that this Court will GRANT the compensatory relief sought in this action, plus any and all other relief the Court deems proper or just.

Your DEPONENT PRAYS this Court will issue a Finding that the above Civil Rights violations occurred as stated by your DEPONENT, and that the Court will AWARD Compensatory Damages in the amount of THIRTY million dollars ($30,000,000) plus punitive damages.  Your DEPONENT PRAYS this Court will GRANT the relief of a RESTRAINING ORDER barring the City of Buffalo and its agents for bringing prosecutions surrounding public Facebook Speech unless such facts meet an already-established Constitutional Exception as defined by the United States Supreme Court.  Your DEPONENT PRAYS the Court will ORDER additional training for Buffalo Police Officers regarding Constitutional Law and Equal Rights and Protections under the Law.

**A JURY OF TWELVE IS DEMANDED IN THIS ACTION.**

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed On:** the **THIRD** day of **June**, in the year of 2026

Jacques Britton, RN BSN
3309 Dynes Ave.
Erie, PA  16510
jackbrittonrn@gmail.com

5

JS 44   (Rev. 03/24)                          CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Jacques Britton, RN BSN

**DEFENDANTS** The City of Buffalo/Buffalo Police Dpt,
Erie Co. ADA Isabella Bakshi, Officer "Jane Doe"
Detective Courtney Halligan, officer John Doe #1, 2

**(b)** County of Residence of First Listed Plaintiff   Erie Co, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Erie Co. NY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
3304 Dynes Ave
Erie, PA 16510

Attorneys *(If Known)*

26 CV 1135

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                          Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability   ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander   Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability   ☐ 368 Asbestos Personal | | New Drug Application | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine   Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product   Liability | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability   **PERSONAL PROPERTY** | | Act of 2016 | (15 USC 1681 or 1692) |
| of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | **LABOR** | | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 190 Other Contract | Product Liability   ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury   ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | ☐ 362 Personal Injury -   Product Liability | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 240 Torts to Land | ☐ 443 Housing/   Sentence | | 26 USC 7609 | Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | Accommodations   ☐ 530 General | | | Agency Decision |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** | | ☒ 950 Constitutionality of State Statutes |
| | Employment   **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other   ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education   ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. §242 , 42 U.S.C. § 1983 , Constitutional Amendments 1, 4, and 14
Brief description of cause:
violation of free speech resulting in prosecution, discrimination

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.   DEMAND $ 30 million   CHECK YES only if demanded in complaint:   JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions):*   JUDGE   Phillips   DOCKET NUMBER   NY 02478-26   02481-26 / 02479-26 0l018-26 / 02480-26

DATE   6/5/26   SIGNATURE OF ATTORNEY OF RECORD   Pro Se

**FOR OFFICE USE ONLY**

RECEIPT #           AMOUNT           APPLYING IFP           JUDGE           MAG. JUDGE